

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 189 | **DATE** | 4/24/2001 |
| **CASE TITLE** | Ocampo DeKalb, LLC et al. Vs. GMAC Commercial Mortgage Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order Defendant's motion to vacate the state court order is granted. Status hearing set for May 16, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 25 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCAMPO DE KALB, LLC, et al., )
)
    Plaintiffs, )
)
vs. ) No. 01 C 189
)
GMAC COMMERCIAL MORTGAGE )
CORPORATION, )
)
    Defendant. )

**DOCKETED**
APR 2 5 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ocampo Dekalb, LLC, Ocampo Belvidere, LLC, Ocampo Dixon, LLC and Ocampo Galesburg, LLC (collectively Ocampo) initiated this declaratory judgment action in state court. They sought a declaration of their rights under a contract with defendant GMAC Commercial Mortgage Corporation (GMACCM). Following removal, defendant now moves to vacate a state court order granting plaintiffs relief. For the following reasons, defendant's motion is granted.

## BACKGROUND

The parties entered into a loan agreement on December 13, 1995. The contract allowed plaintiffs to prepay mortgages without penalty within five years, but required a yield maintenance premium if they prepaid on or after the loan's fifth anniversary. It also required plaintiffs to give thirty days notice before prepaying. On November 14, 2000, plaintiffs gave notice that they intended to prepay the loan between December 14 and December 31, 2000. Defendant maintains that plaintiffs missed the penalty-free deadline and must pay the premium. Plaintiffs assert that equity demands they not be penalized approximately $1 million

19

for giving notice one day late.

On Friday, December 8, 2000, plaintiffs filed in Cook County Court seeking a declaration that they need not pay the premium. At 4:14 p.m. Monday, December 11, 2000, Ocampo filed an Emergency Motion for Declaratory Relief, scheduled for hearing at 1:30 p.m. the following day. Plaintiffs sent various forms of notice to defendant over the next 24 hours. There is some dispute as to the content, timing and receipt of these notices, so we will review the purported facts in some detail.

That afternoon, December 11, plaintiffs' counsel allegedly faxed the motion and supporting documents to defendant's Pennsylvania office at approximately 4:20 p.m. CST (5:20 p.m. EST). Counsel acknowledges that the fax was incomplete, but claims that 15 of the stated 17 pages were confirmed. The fax was addressed to Michael Lipson, a GMACCM officer responsible for plaintiffs' accounts. Mr. Lipson was out of the country at the time. Another GMACCM employee discovered the fax and forwarded it to Thomas Miraglia, defendant's in-house counsel. Defendant asserts that the fax included only two pages: a cover page and the first page of a verified complaint, not the emergency motion. Plaintiffs' counsel also had a copy of the motion delivered to defendant's Chicago office by messenger at approximately 4:43 p.m.. A blizzard had struck the Chicago area that day, so defendant's office was closed. The messenger slid the package under the door, without signature.

Because plaintiffs' counsel believed two pages were missing from the Monday afternoon fax, he faxed the documents to defendant again the following morning, again to the absent Mr. Lipson's attention. Defendant acknowledges this fax contained the emergency motion and memorandum, but maintains it did not discover this fax until 5:30 p.m. EST on December 12,

2000, three hours after the hearing.

Upon learning that Mr. Lipson was unavailable, Mr. Joel Africk, one of plaintiffs' attorneys, attempted to contact someone else at defendant's Pennsylvania office. He left a message for Miraglia at 10:51 a.m. CST. Miraglia returned the call approximately 30 minutes later. The content of this conversation is disputed. Africk claims that Miraglia admitted knowledge of the motion set for that afternoon, and Miraglia maintains he only acknowledged receiving Africk's earlier message about some emergency. Both parties agree that at this point Africk told Miraglia about the hearing scheduled to begin in approximately two hours. Africk then faxed the materials[1] to defendant again -- this time to Miraglia's attention. Defendant, however, claims it was unable to retrieve the fax until after the hearing due to a computer problem. Nonetheless, Miraglia attempted to contact his regular Chicago counsel about the impending hearing. Although he left an urgent message, no one from that firm returned his call during the ninety minutes left before the hearing.

Judge Foreman called the case at approximately 2:00 p.m.. No one appeared on behalf of defendant. The judge agreed to a brief delay to allow plaintiffs' counsel to attempt to contact defendant one more time. Africk and Miraglia spoke, and while the parties agree about the gist of the conversation, they once again dispute the specifics. Africk clearly offered to request a one-day continuance. According to plaintiffs, Miraglia said he was not requesting the continuance but was agreeable to it. Miraglia also allegedly stated that he was retaining counsel to determine if defendant had sufficient notice of the hearing and would not guarantee that counsel would appear the next day. According to defendant, Miraglia said he did not

---

[1] This fax included the emergency motion, supporting memorandum, notice of motion and a courtesy copy of the complaint. It did not include the exhibits filed along with the complaint.

believe he should have to ask for the continuance under the circumstances, but would appreciate one. And he reiterated that he was attempting to hire counsel. In any event, plaintiffs' counsel agreed to and did request a continuance. The court ruled anyway, granting plaintiffs' emergency declaration.

## DISCUSSION

Defendant presents three reasons why the court order should be vacated: (1) the order is void because, without proper service of process, the state court did not have jurisdiction to issue the order; (2) the *ex parte* proceeding violated defendant's due process rights; and (3) defendant's failure to appear constituted excusable neglect under Fed.R.Civ.P. 60(b). We agree with points (1) and (3).[2]

First, we consider whether the state court had jurisdiction to issue the order in question. We must apply Illinois law governing service of process. *See* Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986). Proper service is essential to the court's jurisdiction over a defendant, and, hence, its power to issue an order binding that defendant. *See* Stone & Adler, Inc. v. Cooper, 315 N.E.2d 56, 58 (Ill. App. 1 Dist. 1974). GMACCM contends that it had not been served with a verified complaint and summons prior to the state court order. Plaintiffs do not appear to dispute this fact. Instead, they argue that defendant had actual knowledge of both the suit and the emergency motion. Under normal procedural rules, actual knowledge of the proceedings is not a sufficient substitute for a properly served summons. *See* Gocheff v. Breeding, 368 N.E.2d 982, 983 (Ill. App. 5 Dist. 1977).

Plaintiffs next argue that formal service is not essential because this motion constituted

---

[2] Either one would be sufficient to vacate the order. We discuss both only because the same basic reasoning applies. We decline to reach the constitutional question raised by point (2).

an emergency. *See* County of Lake v. Spare Things, 326 N.E.2d 186, 188 (Ill. App. 2 Dist. 1975) (upholding temporary restraining order without notice). Defendant counters that this would require some showing of irreparable harm, similar to a preliminary injunction or temporary restraining order. *See, e.g.,* Nagel v. Gerald Dennen & Co., 650 N.E.2d 547, 551 (Ill. App. 1 Dist. 1995) (describing when it is appropriate for court to grant relief without notice to party). But this motion requests declaratory relief, plaintiffs respond, not a TRO. The declaratory judgment statute does not require irreparable harm. *See* 735 ILCS 5/2-701.

These are all correct statements of Illinois law, but none tells the whole story here. A declaratory judgment action is a procedural device that allows parties to determine their rights before any harm occurs. *See* La Salle Casualty Co. v. Lobono, 236 N.E.2d 405, 407 (Ill. App. 1 Dist. 1968). But it is not a wholesale exemption from normal procedural rules. Although there is nothing in the declaratory judgment statute that requires a showing of irreparable harm, there is also nothing that exempts declaratory judgments from normal rules governing jurisdiction and service of process. Plaintiffs attempt to use the magic word "emergency" to escape the service requirement, and then claim the declaratory judgment posture negates the irreparable harm standard typically applied to emergencies.

We have found no reported Illinois cases granting an emergency declaratory judgment that was not also fashioned as a preliminary injunction or temporary restraining order. *See, e.g.,* La Salle Casualty Co., 236 N.E.2d 405. As such, these cases all required a showing of irreparable harm. The harm alleged here is not irreparable.[3] This is not to say that the court

---

[3] Plaintiffs wanted to refinance their mortgages at a better interest rate. Because defendant refused to accept plaintiff's prepayment penalty free, the deadline for that refinancing has passed. But there is an adequate legal remedy for this. If we ultimately find that GMACCM was obligated to accept the pre-payment and not entitled to any pre-payment premium, money damages could compensate plaintiffs for the

could not expedite matters to try to resolve this dispute before the deadline passed. The statute certainly contemplates an "early hearing." 735 ILCS 5/2-701(b). But it must properly establish jurisdiction first. We have found no precedent for a court exercising jurisdiction prior to service without requiring irreparable harm. Moreover, neither a preliminary injunction nor a temporary restraining order is a final adjudication on the merits. They only serve to prevent further harm while the court fully considers the issues.[3] Judge Foreman's order was a final disposition of this matter.

Second, Fed.R.Civ.P. 60(b) empowers us to relieve a party of a final judgment for mistake, surprise, excusable neglect or any other reason justifying relief. Although this remedy should be reserved for exceptional cases, the district judge has broad discretion to apply this rule. C.K.S. Engineers v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984). We believe it is appropriate here. Cases should, whenever possible, be decided on their merits. Although the state court purported to consider the merits, it did so without hearing from one of the parties. This was effectively a default judgment.[4] Regardless, Rule 60(b) applies to all forms of judgment, not just defaults. *See* C.K.S. Engineers, 726 F.2d at 1205. The bottom line is that it is unfair to enter judgment against a party without affording it a reasonable opportunity to defend itself.

---

lost opportunity to refinance.

[3] Consequently, these temporary measures only require a likelihood to prevail on the merits, not an actual ruling on the merits.

[4] Judge Foreman had indicated his willingness to schedule another hearing for the following morning. But after plaintiffs' counsel related that defendant could not guarantee its appearance the next day, the judge ruled against defendant on the merits. Although not explicitly based on defendant's failure to appear, this has all the markings of a default. We use the standard for vacating default judgments because we believe those cases are most factually analogous.

To prevail under Rule 60(b), defendant must show good cause for its default, quick action to remedy that default and a meritorious defense to the complaint. *See* O'Brien v. R.J. O'Brien & Assoc., 998 F.2d 1394, 1401 (7th Cir. 1993). We believe the facts here easily establish good cause for failing to appear at the December 12, 2000, hearing. GMACCM took quick action, initially attacking the order in state court eight days later. And it does have a meritorious defense to plaintiffs' equitable claim, the contract's plain language. Defendant should not forfeit its right to present its case for being unable to secure counsel on less than two hours notice, from out of state, when opposing counsel stated he would request a continuance.

Even if the state court had jurisdiction, basic principles of fundamental fairness demand that we vacate this order. GMACCM received no process here -- no defense representative had received a copy of the complaint. Its first notice of the motion came to an out-of-state officer a mere two hours before the hearing. Defendant tried to obtain local counsel, but given the conditions in Chicago following a huge snowstorm and the short notice, was unable to do so. Further, defendant believed the hearing would be continued to the following day. Plaintiffs' counsel did in fact request a continuance, and the court, at least temporarily, agreed.

As the state judge himself noted, *ex parte* rulings are generally disfavored. Dispositive rulings particularly so. Here we have little, if any, notice, blizzard conditions, a representation that there would be a continuance and no compelling reason that demanded an immediate decision. GMACCM was denied any meaningful opportunity to defend itself. The court should have waited one day so defendant could obtain counsel.

Despite both parties' rhetoric, we do not believe either purposely engineered this – plaintiffs by plotting an overnight ambush, or defendant by consciously deciding not to appear. Plaintiffs did make several attempts to notify defendant, and defendant reacted as quickly as possible, given the circumstances. We do find it mildly ironic that plaintiffs, whose entire claim rests on the purported inequity of penalizing them $1 million for being a day late, are so adamantly trying to enforce an *ex parte* judgment.

## CONCLUSION

For the foregoing reasons, defendant's motion to vacate the state court order is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 24, 2001